E. G. Smith's Adm'r v. L. G. McGaughey and another.

Although a plaintiff cannot maintain a suit commenced without any cause of action, by introducing a cause of action which has subsequently arisen, without, at least, paying the costs and giving the defendant every defence he could have urged, had a distinct suit been instituted upon the new cause of action; yet we see no objection to joining new causes of action, which have occurred since the commencement of the suit, for the purpose of avoiding multiplicity of suits.

Where the vendor sues for the purchase money, and the vendee alleges defect of title, it is not introducing a new cause of action for the vendor to allege by way of amendment, that since the commencement of the suit, the defendant has himself perfected the title.

The rules respecting the effect of a departure in pleading can have no application to amendments under our system. Where a party seeks to introduce by amendment, matter which cannot properly be joined, the Court, on exceptions, will exclude the proposed amendment. But the attempted amendment, however inconsistent or repugnant to, or however wide a departure from, the case first stated, will not, of course, vitiate and annull the former pleading of the party.

Of course, a party who has committed a mistake by filing an amendment, may withdraw and abandon it.

Appeal from Tyler. Action commenced April 25th, 1853, by the appellant against the appellees for the difference between the amount at which property of the estate was knocked off to them at the administrator's sale, and the amount for which it was sold at a subsequent sale. The first sale was on the

first Tuesday in Sept., 1851; the subsequent sale on the first Tuesday in April, 1853. The property was improved real estate, and the petition alleged that the defendants took possession under their purchase on the last Monday in September, 1851, and still retained possession, although refusing to comply with the terms of the sale. Confirmation of both sales was alleged.

Defendants demurred, and pleaded facts to show the nullity of the sale, fraudulent representations as to title, and no title in the intestate, and their willingness to complete the purchase if the plaintiff would show them any evidence of title.

Plaintiff amended by alleging that since the commencement of the suit, the second purchaser had died without having complied with the terms of sale, "so that said premises and property still belong and is owned by petitioner, as administrator as aforesaid," &c.; alleged willingness to complete the title; and prayed "judgment against defendants for the value of said premises and property so possessed and converted as aforesaid," &c., &c. The value was alleged to be $2,000.

To this amendment the defendants excepted and answered. Afterwards, on the 11th May, 1854, plaintiff filed another amendment to his petition, in which he struck out the amendment previously filed; alleged the facts as to the improvement of the place by his intestate, and location of same, and his pre-emption right to same, relied on the principle of *caveat emptor*, alleged that since the suit was commenced, defendants had located the land and had it patented, and that it would be inequitable to allow them to retain the land and improvements without compensation to the estate of the intestate, and prayed "judgment for the amount specified in the original petition, and such other and further relief," &c.

Defendants excepted on the ground that the amendment disclosed a new cause of action, and on the ground that it was barred by the statute of limitations; and pleaded a general denial and special plea. May Term, 1854, when the case was

called the defendants' "demurrer to the plaintiff's petition" was sustained, and the cause dismissed.

*J. B. Jones*, for appellant.

*H. N. & M. M. Potter*, for appellee.

WHEELER, J. There can be no question of the legal sufficiency of the original petition. It is unnecessary to discuss the merits of the first amendment, it having been stricken out and abandoned by the subsequent amendment. The objection taken by exceptions to the latter was, that it set up a new and distinct cause of action, barred by the statute of limitations. The objection seems not to be well taken. The new matter stated in the final amendment, appears to have been intended as a replication to the matters set up in the answer; rather than as introducing any new demand, or right of action. If anything contained in the amendment can be considered as introducing a new ground of action, it is the averment that, since acquiring possession of the land, under their purchase from the plaintiff, the defendants have relocated and obtained a patent for it, with the view of defrauding the plaintiff. There is nothing in this averment inconsistent with the right of action set up in the original petition; and it is an evidence that it was not intended to make it a distinct and independent ground of a recovery, that the amendment concludes by praying judgment in terms, for "said amount specified in the original petition." But if the amendment be regarded as introducing an additional cause of action, it does not appear on the face of the petition to be barred; for it does not appear that the defendants asserted any title adverse to the plaintiff more than two years before the filing of the last amendment. And although a plaintiff cannot maintain a suit, commenced without any cause of action, by introducing a cause of action which has subsequently arisen, (Bradford v. Hamilton, 7 Tex. R. 55,) without at least, paying the costs, and giving the defend-

ant every defence he could have urged, had a distinct suit been instituted upon the new cause of action (Henderson v. Kissam, 8 Tex. R. 46 ;) yet we see no objection to joining new causes of action, which have accrued since the commencement of the suit, for the purpose of avoiding multiplicity of suits.

But we think the amendment in question was not intended to have, and did not have, the effect of introducing a new and independent cause of action. But if it did, and was obnoxious to the exceptions taken, they went only to the amendm..nt; and should have had the effect of excluding the amendment only ; and not of dismissing the suit.

But it is insisted on behalf of the appellee that the first amendment was a departure, and abandonment of the original cause of action, and had the effect to strike out the original petition, and effectually, finally and irrevocably to defeat the right of action therein set forth. We do not so regard it ; and should deem the argument, which ascribes to any amendment such a consequence, unless such was its manifest intention, scarcely to require notice, if the record disclosed any other ground on which the Court may be supposed to have proceeded in dismissing the case. A departure, as known in the Common Law pleadings, cannot take place until the replication ; and it more frequently occurs in the rejoinder. It is said to be when a party in his replication, or rejoinder, or, it may be in the subsequent stages of pleading, quits or departs from the case, or defence which he has first made, and has recourse to another. Of course, it can have no application to the petition and answer in our pleading. Where a party seeks to introduce by amendment matter which cannot properly be joined, the Court, on exceptions, will exclude the proposed amendment. But the attempted amendment, however inconsistent, or repugnant to, or however wide a departure from the case first stated, will not of course vitiate and annul the former pleading of the party which is good and sufficient. The Court will reject the pleading which is bad and retain that which is

good. Of course, the party who has committed the mistake of making an improper amendment, when apprised of it by the exception of his adversary, may withdraw and abandon it. It is the province of amendment to enable a party to correct his errors and mistakes in pleading. And there is nothing peculiar in the nature of a mistake committed by amendment, which should take it out of the pale of the law, which allows the correction of other mistakes in pleading.

We are of opinion that the Court erred in dismissing the case; for which the judgment is reversed and the cause remanded.

Reversed and remanded.