## B. A. EPPERSON v. HUGH F. YOUNG.

Where the defendant pleaded two years adverse possession of the slaves sued for, he sustained his defence by proving that he possessed the slaves for the period alleged, claiming them as the property of his son, who was a minor, adversely to the plaintiff.

Error from Red River. Tried below before the Hon. William S. Todd.

The facts will be found in the Opinion, and in a former report, 14 Tex. R. 618.

*Dillahunty* and *Morgan*, for plaintiff in error.

*Morrell, Dickson* and *Murray*, for defendant in error.

HEMPHILL, CH. J. This cause is for the fourth time before this Court. The judgment is now for defendant. The paramount question is, whether the claim of the plaintiff to the slaves in question was barred by the Statute of Limitations. This was the defence relied on by the defendant, and if it be sustained by ᶠthe proof, the judgment cannot be reversed, although there may have been errors in the charges and rulings of the Court. The action was brought on the 28th August, 1846 ; and to support the defence it was necessary only, that the defendant should prove that for more than two years previous to suit, he had held adverse possession, to the knowledge of the plaintiff, or of a character so notoriously hostile, that it must be presumed to have been known to the plaintiff.

In the original petition, the plaintiff alleged that in 1842 he had delivered these slaves to the defendant, to be redelivered on request, and that on the very same day he had demanded, and the defendant had, in effect, refused to return said slaves.

This was pursuing the fictions of a declaration in detinue, and there is so much absurdity in the idea that the delivery to the defendant, the demand by plaintiff for the return of the slaves, and the refusal, should be simultaneous acts, or done on the same day, that in a former Opinion in this case, we intimated that the demand and refusal, as alleged in the original petition should not be conclusive against the plaintiff as to the time of the commencement of the adverse possession on the part of the defendant.

Discarding, then, the demand and refusal as alleged to have been made in 1842, from our consideration, let us examine the admissions or statements in the pleadings, and proofs in the cause, to ascertain if possible whether there was adverse possession, and when it commenced. Our attention will be directed first, to what is denominated the replication of the plaintiff. Defendant had alleged in his answer, that plaintiff had agreed to convey the property to Wm. H. Young, the son of defendant. To this plaintiff replies that if ever there was a conversation between plaintiff and defendant, in relation to the conveyance of said negroes to his son William H., it was in the year 1843, and that plaintiff may have said that if the negroes were given into his possession he might make to the said William H. a present of said negroes or a portion of them. But if plaintiff had so intended, the defendant deprived him of the power of so doing, by rejecting said proposition absolutely, and keeping and detaining said negroes in his own possession. This is certainly an admission to some extent, that the plaintiff was willing and desirous to take possession of the slaves, but that the defendant refused and retained the negroes in his own possession.

Mrs. Rogers testified in effect, that she was present at a conversation between plaintiff and defendant in October or November, 1843, in which the plaintiff stated to defendant that he had come over after the property which the latter had conveyed to him. The defendant asked him if he had not

agreed at the time the conveyance was made, to re-convey the property to the defendant's son William. The plaintiff said that was the agreement, but that the defendant was indebted to his brother, and that his brother was indebted to him, the plaintiff, and that justice required the defendant should pay his brother, and that he intended to hold on to the property to pay the debt which his brother owed him ; that he had gotten the advantage and intended to make use of it. The witness stated that the plaintiff acknowledged [that the object of the conveyance to him by the defendant, was that he might re-convey to the son of defendant, in accordance with a previous arrangement-

The effect of this evidence is, that the plaintiff came for his property ; that he demanded it ; and that its return was refused by defendant. It is immaterial what excuse he alleged for retaining the property, provided it was in hostility to the rights of the plaintiff as owner, and the evidence clearly shows that it was adverse, the defendant insisting on the right of his son, and the plaintiff repudiating and denying such right. The possession from that moment became adverse, and the Statute commenced to operate from that time.

There is also the deposition of Mr. Dean, but although this, from its substance, appears to have been obtained to prove that there was a demand by the plaintiff, and the circumstances connected with the demand, yet he is neither asked nor does he prove the time at which the plaintiff claimed the property. But as no other demand was proven than that stated by Mrs. Rogers, we may infer that the testimony of Dean has reference to the same transaction. He says he went in company with plaintiff to the house of defendant ; that the plaintiff demanded the slaves ; that the defendant said plaintiff had not complied with his contract to re-convey the negroes to the wife or son of the defendant as soon as he returned home. Plaintiff said he had made such contract, and the reason for not complying was that defendant was owing his

brother, and his brother was owing him, and he intended to hold on to the negroes as payment of his brother's debt. The plaintiff told defendant he had the advantage and he intended to keep it, and that he should replevy the slaves out of the defendant's possession. This testimony evidently refers to the conversation between the parties, which was deposed to by Mrs. Rogers; and it shows beyond question, that from that time the respective claims of plaintiff and defendant were adverse to each other; and as this was more than two years before suit the action was barred and the judgment must be affirmed.

Judgment affirmed.