## A. J. GILDER ET AL. V. HUGH C. McINTYRE.

To maintain an action upon a note it is necessary to aver some act on the part of the maker which in law will fix liability on him; such as, that he made and executed the note, showing that it is his act and deed, and it must also be averred that the plaintiff is the owner, or has an interest in the note; and, if there be a defect in the petition in either respect, it will be defective. (Paschal's Dig., Art. 1427, Note 537.)

But where the averment is positive that the plaintiff is the owner and holder of the note sued upon, and that the defendants, for a valuable consideration, made and executed it, and the note is set out in full in the petition, it is sufficient. The withdrawal of the defendant's answer amounts to a judgment *nihil dicit,* which is regarded as a species of judgment by confession, and carries with it more strongly the admission of the justice of the plaintiff's cause of action, and will operate as a waiver of more errors than a judgment by default. (Paschal's Dig., Art. 1478, Note 574.)

A judgment *nihil dicit* amounts to a confession of the cause of action stated, or attempted to be stated, in the petition, if the amount claimed can be ascertained by the proceedings had on a judgment by default; that is, a writ of inquiry on an unliquidated demand, or by the clerk upon a liquidated demand, proved by a written instrument filed as part of the petition, or sufficiently described to enable the clerk to make the computation of the amount due. (Paschal's Dig., Art. 1508, Note 594.)

ERROR from Washington. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

McIntyre sued for the use of Chappell, and stated that he "is the owner and holder of a certain promissory note, made and executed for a valuable consideration by A. J. Gilder and John G. Knapp, of said county, which said note is substantially as follows, to wit: [Here followed a copy of the promise by the makers, "to pay Hugh C. McIntyre,

guardian of Sarah McIntyre."] There was no allegation connecting Chappell with the note. No answers appear in the record, but it is recited that "the defendants withdrew their pleas heretofore pleaded by them, and say nothing in bar of the plaintiff's action." There followed a a judgment for the plaintiff.

The defendant, Gilder, prosecuted error, and assigned for error that the petition is insufficient in law.

No brief for plaintiff in error furnished to the *Reporter*.

*Sayles & Bassetts*, for defendant in error.—The error assigned is the insufficiency of the petition, in that there is no allegation to whom the note sued on was executed or delivered.

The allegation in the petition is, that the plaintiff is the owner and holder of a certain promissory note, made and executed for a valuable consideration by the defendants, a copy of which note is substantially set out.

Although this allegation may have been bad upon general demurrer, in not describing the cause of action with sufficient certainty, yet it would have been sufficient upon a general demurrer, and would have sustained a judgment by default. The extent of the decisions made has been, that the petition must show, by proper allegations, a right of action in the plaintiff, and this is done.

But the error, if any, was waived by the defendant's withdrawal of his plea, which amounted to a judgment by confession and a waiver of all errors.. (Cartwright v. Roff, 1 Tex., 78; Wheeler v. Pope, 5 Tex., 262.)

SMITH, J.—The defendant in error instituted this suit upon a note alleged to have been "made and executed by A. J. Gilder and John G. Knapp," and of which he is the "owner and holder."

The judgment recites the fact that the defendants below withdrew their pleas and made no further defense to the

plaintiff's cause of action.   Judgment was rendered in favor of the plaintiff for $351 40, and the defendant, Gilder, brings the cause here by writ of error, and contends that there was error in the proceedings below, in that the petition does not designate the person to whom the note was "made and executed."

To maintain an action upon a note, it is necessary to aver some act on the part of the maker which, in law, will fix liability on him; such as that he made and executed the note, showing that it is his act and deed; and it must also be averred that the plaintiff is the owner or has an interest in the note; and if there be a defect in the petition in either respect it will be defective."   (22 Tex., 609.)

We are of opinion, however, that neither of these defects can be imputed to the petition in this case, and from the rulings of this court (4 Tex., 452;  20 Tex., 132) the petition is sufficient in law.   The averment is positive that the plaintiff is the owner and holder of the note sued upon, and that the defendants, for a valuable consideration, made and executed it, and the note is set out in full in the petition.

But if this were regarded as a defective statement of the cause of action, the withdrawal of the defendant's answer amounts to a judgment *nihil dicit,* which is regarded as a species of judgment by confession, and carries with it more strongly the admission of the justice of the plaintiff's cause of action (and will operate as a waiver of more errors) than a judgment by default.  A judgment *nihil dicit* amounts to a confession of the " cause of action stated, or attempted to be stated, in the petition," if the amount claimed can be ascertained by the proceedings had on a judgment by default, that is, a writ of inquiry on an unliquidated demand, or by the clerk upon a liquidated demand, evidenced by a written instrument filed as part of the petition, or sufficiently described to enable the clerk to make the computation of the amount due.   (22 Tex., 93.)

There being no error apparent, the judgment is

AFFIRMED WITH DAMAGES.