## W. R. SMITH v. H. L. KINNEY'S EXECUTORS.

1. If lands be vested in a trustee for payment of debts, and his power of sale be limited to a specified time, the lands will not become divested of the trust by the failure of the trustee to make sales within the time limited. On the contrary, though the trustee's power to sell be extinguished by the lapse of the time, yet the trust will survive, and a court of equity will enforce it for the benefit of the parties entitled.

2. If a trustee selected by a debtor misapplies trust funds with which he should have discharged the debtor's liabilities, the creditors cannot be prejudiced thereby, unless they are chargeable in some way for the misappropriation by the trustee.

3. A new cause of action is not set up by an amended petition which alleges the loss and substitutes a copy of the note which evidenced the indebtedness sued for in the original petition. The statute of limitations, therefore, can afford no defense against such an amended petition, unless it be also available against the original petition.

APPEAL from Nueces. Tried below before the Hon. J. B. Hurd.

The character and material facts of this case are clearly disclosed in the opinion of the court.

*Davis & Murphy*, for the appellant.

*J. S. McCampbell* and *Pryor Lea*, with *Ballinger, Jack & Mott*, for the appellees.

WALKER, J.—This action was commenced in the District Court of Nueces county on the seventh day of November, 1860.

The plaintiff, Smith, alleges that Henry L. Kinney, on the twenty-second day of December, A. D. 1852, being indebted to the plaintiff in the sum of $2228 71, made and delivered to him his promissory note of that date for the sum of his indebtedness.

H. L. Kinney, S. W. Fullerton and M. P. Norton are made defendants, and are all duly served with process. The note was made due and payable in six months after date, and bore ten per cent. interest. The plaintiff demands judgment for his debt and costs, and also prays for the enforcement of a lien which he sets up on about one hundred acres of land situated in the vicinity of the town of Corpus Christi.

On the second day of September, 1854, Kinney being about to leave the country for the purpose of going to the State of Nicaragua, executed to M. P. Norton, a power of attorney in due form of law, and which was filed for record in the clerk's office of the County Court of Nueces county on the sixteenth day of September, 1854.

This power of attorney was very full, and ample to authorize all his acts under it which are brought to our notice by the transcript of the record.

On the eighth day of August, 1855, Norton, as the attorney in fact of Kinney, executed to S. W. Fullerton a deed, which purports absoluteness on its face, for the land now in controversy, to-

gether with other lands to a larger amount; and on the same day Fullerton declared an express trust in the same land, and three days afterward left the same for record with the county clerk.

By the terms of Fullerton's declaration, he had received the trust to the following uses, and subject to the following conditions: He was to sell at such time as he might deem expedient, within three years from the date of the deed, and after deducting from the proceeds of such sales as he should make, his necessary costs, expenses, attorney's fees and commissions, in securing titles, etc., he was to pay the plaintiff's debt from H. L. Kinney. Then he was to pay Cornelius Cahill such sums of money as he might be compelled to pay for Kinney, by reason of being his security on an indemnity bond to Wm. Pusling, of Philadelphia, who had become security for Kinney to the United States, on a bond to answer for a breach of the neutrality laws.

Both Kinney and Fullerton appear, from the record, to have died since the commencement of the suit, and nothing material appears to have been done in the case, in the district court, until 1869, when the plaintiff filed his last amended petition, setting forth that the note which evidenced the debt was lost, and exhibited what he claims to be a copy. The loss of the note is shown by a somewhat defective affidavit.

Kinney's administrators, the appellees, defend the suit and plead payment, and also the bar of the statute of limitations. They admit that the debt once existed, and they assumed the burden of proving their answers.

Neither of the parties demanding a jury, all questions of law and fact were submitted to the court for trial and judgment, and the court decided the case in favor of the defendants, (it is to be presumed on the plea of limitation.) The defendants object to the enforcement of a specific lien upon the land for several reasons, which we will notice in the proper order.

It is claimed that Norton was not authorized to make the deed

of trust to Fullerton, by his power of attorney from Kinney. We think this objection is not well taken.

The power of attorney was itself virtually a deed of trust to Norton, with ample power to sell and convey all the property, real and personal, left by Kinney, and fully authorized him to make deed and conveyances and to substitute other attorneys, agents, or trustees, to assist him in the execution of the main trust; and this was precisely what he did by conveying to Fullerton in trust to uses. Next, it is urged that the power of Fullerton to sell the property, for the uses designated, was limited to three years from the date of his deed; and that by virtue of law the land reverted, if unsold after that time. We do not by any means recognize this as the law. Though his power to sell might have determined, the trust remained in him, and a court of equity will compel its execution by a sale of the property for the benefit of the *cestui que trust*. But it is again claimed that the plaintiff, if he ever had an interest in the trust, has forfeited it by neglect and laches. It is claimed that Fullerton did sell, of the property deeded to him by Norton, enough or more than enough to have paid all the debts owing to Kinney's creditors, and that he not having applied it to the proper uses, the beneficiaries have lost their right to what remains of the property unsold. Unless it should appear that the plaintiff has been in some way party to Fullerton's fraud, it would appear in equity that his right to what remains of the property ought to be strengthened rather than weakened. We think there is no foundation in the law of equity for this objection to the plaintiff's lien. Fullerton was Kinney's agent, and not the agent of the plaintiff. There is nothing more in the defense material for us to notice, aside from the statutory bar of limitation. It is claimed that the last amended petition, filed in October, 1869, sets up a new cause of action, and that it is barred though the suit was commenced in November, 1860.

Setting up the lost note, which was itself only evidence of an

existing indebtedness, did not present a new cause of action. An amendment, which newly supplies omissions or corrects mistakes in an original pleading, sets up no new cause of action, and the statute of limitation is not in the way of such amendments. (See 26 Texas Reps., 612; 27 Texas Reps., 659.)

In this case the cause of action accrued on the twenty-second day of June, 1853. Suit was commenced on the seventh day of November, 1860. There was an interval of six years four months and fifteen days, but the evidence shows that Kinney was absent from the State full four years of that time. The statute did not run during his absence, and consequently had run but two years, four months and fifteen days, until suit was brought. We, however, think that the letters written by Jordan were written for Kinney, and they contain the written acknowledgment of this debt to the plaintiff, at different times, and as late as 1859.

We do not think the defendants sustained their plea of payment. The judgment of the court below (probably rendered upon the plea of limitation) is erroneous.

And the parties having waived their right of trial by jury, we therefore reverse the judgment of the district court, and render in this court a judgment in favor of the plaintiff below—appellant in this court—for the sum of twenty-two hundred and twenty-eight dollars and seventy-one cents, with interest at the rate of ten per cent. per annum from the twenty-second day of December, 1852. And we order, adjudge and decree that the tract of land described in the petition as situated in Nueces county, near the town of Corpus Christi, containing about one hundred acres, be sold as upon execution at law, and the proceeds applied to the payment of the judgment; and should the same be insufficient to pay the amount of the judgment and costs, then the same shall be paid from the assets of the estate of H. L. Kinney, in due process of administration.

Reversed and rendered.

NOTE.—We cannot omit to mention the fact, so pertinent to the equities of this case, and so honorable to Mrs. M. B. Kinney, the wife of Henry L. Kinney, that the land in controversy was settled upon her as her marriage portion, and that from the evidence she conveyed it to her husband with the express design and sole purpose that it should be sold to satisfy the plaintiff's debt.—WALKER, J.