1 w 325
§ 609
1 w 260
3 w 426
3 w 495

PAUL BREMOND v. J. L. JOHNSON.

(No. 153, Tex. L. J., vol. 1, p. 62.)

APPEAL from Harris County.    Opinion by WHITE, J.

§ **609.** *Statute of limitations suspended by institution of suit.*    It is well settled that if it appears by the original petition that the defendant is sued on a valid cause of action, however defectively it may be presented in the petition, the statute of limitations in his favor is interrupted and stopped. [Scoby v. Sweatt, 28 Tex. 729; Wells v. Fairbanks, 5 Tex. 583; Kinney v. Lee, 10 Tex. 155; Coles v. Portis, 18 Tex. 156.]

§ **610.** *Amendments to pleadings; statute of limitations with reference to.*    Where, through mistake, a party has stated a case which is barred by limitations, it is unquestionably competent for him to amend by so correcting his averments as to show that in point of fact his cause of action is not barred.    The plaintiff is not concluded by his averments in his original petition. [Coats v. Elliott, 23 Tex. 612; Epperson v. Young, 19 Tex. 475; Young v. Epperson, 14 Tex. 618; Smith v. McGaughey, 13 Tex. 467.]    It cannot be denied that it is the office of an amendment to correct a misdescription of the cause of action, as well in respect to dates as in any other respect. [Turner v. Brown, 7 Tex. 491.]    An amendment correcting the date relates back to the time when the cause of action is declared on, and the statute of limitations does not run in the *interim.*    The statute of limitations only operates as a bar when it is sought, under the name of an amendment, to present a new suit. [Thouvenin v. Lea, 26 Tex. 613.]    An amendment which merely supplies omis-

sions or corrects mistakes in an original proceeding sets up no new cause of action, and the statute of limitations is not in the way of such amendments. [Smith v. Kinney, 33 Tex. 285; 27 Tex. 659.]

§ 611. *Secondary evidence of lost note; practice.* "If the instrument is lost, the party is required to give some evidence that such a paper once existed (though slight evidence is sufficient for this purpose), and that a *bona fide* and diligent search has been unsuccessfully made for it in the place where it was most likely to be found, if the nature of the case admits of such proof, after which his own affidavit is admissible to the fact of its loss." [1 Greenl. Ev. § 558.] Private writings are subject to the rules of evidence at common law. [Pas. Dig. art. 3706.] It is contended that this objection was obviated, and no affidavit of loss was necessary, because plaintiff went upon the stand and testified under oath to the fact. The law allowing a party, though at interest, to become a witness in his own behalf [Pas. Dig. art. 6826], can in no sense be intended to be enlarged so as to have the effect to change the rule above stated.

§ 612. *Petition on a note; defective allegation.* The case as stated in the petition, with reference to one of the notes sued on, is, "and that on or about the same time the defendant delivered to William Calahan his promissory note for $130, payable one day after date," etc. This allegation is not sufficient to sustain the action on said note. [Bledsoe v. Wills, 22 Tex. 609; Thigpen v. Mundine, 24 Tex. 282; Gilder v. McIntire, 29 Tex. 89.]

March 12, 1877.                    Reversed and remanded.