E. P. LONGINO V. MATHIAS WARD.

(No. 253, Op. Book No. 1, p. 428.)

APPEAL from Hopkins County.    Opinion by WINKLER, J.

§ **521.** *Amendment; new cause of action; limitation.* An amendment which merely supplies omissions, or corrects mistakes in an original proceeding, sets up no new cause of action, and the statute of limitation is not in the way of such an amendment.  [Smith v. Kinney, 33 Tex. 285.]  It is the office of an amendment to correct a misdescription of the cause of action as well in respect to dates as in any other respect, and a correction as to date relates back to the time when the cause of action was declared on, and the statute of limitation does not run in the interim.  [Turner v. Brown, 7 Tex. 491.] Where, by mistake, a pleader states a cause of action so that it appears to be barred by the statute of limitation, he may unquestionably amend his pleading by so correcting his averments as to show that in point of fact his cause of action was not barred.  He is not concluded by the averments in his original pleading.  [Coats v. Elliott, 23 Tex. 612; Epperson v. Young, 19 Tex. 475; Young v.

Epperson, 14 Tex. 618; Smith v. McGaughey, 13 Tex. 467.]
If it appear by the original pleading that there is a valid
cause of action, however defectively it may be presented,
the running of the statute of limitation is interrupted and
stopped thereby. [Scoby v. Sweat, 28 Tex. 729; Wells v.
Fairbanks, 5 Tex. 583; Kinney v. Lee, 10 Tex. 155; Coles
v. Portis, 18 Tex. 156; Bremond v. Johnson, *post*, p. 325.]

§ **522.** *Charge of the court; should be signed by judge,
etc.; charges requested, and given or refused, should also be
signed by judge, etc.* The judge should sign officially the
charge given to the jury. He should also, when he gives
or refuses a charge requested, indicate, by writing upon
the same, whether it was given or refused, and sign it
officially; and all charges should be marked filed by the
clerk, and should be copied into the transcript together
with all indorsements thereon. When a charge is copied
into the transcript, it should be made to appear whether
it was given or refused.

§ **523.** *Evidence; rule as to production of the best.* The
rule is that the best evidence of which the case is sus-
ceptible must, in general, be produced. "This rule does
not demand the greatest amount of evidence which can
possibly be given of any fact; but its design is to prevent
the introduction of any which, from the nature of the
case, supposes that better evidence is in the possession of
the party. It is adopted for the prevention of fraud; for,
when it is apparent that better evidence is withheld, it is
fair to presume that the party had some sinister design
or motive for not producing it, and that, if offered, his
design would be frustrated. The rule thus becomes
essential to the pure administration of justice. In requir-
ing the production of the best evidence applicable to each
particular fact, it is meant that no evidence shall be
received which is merely substitutionary in its nature, so
long as the original evidence can be had. The rule ex-
cludes only that evidence which itself indicates the ex-
istence of more original sources of information. Until it

is shown that the production of the primary evidence is out of the party's power, no other proof of the fact is in general admitted." [1 Greenl. Ev. §§ 82–84.]

December 8, 1877.          Reversed and remanded.