[Opinion delivered June 21, 1880.]

---

ROBERT WALTON, ADM'R, v. ROMANUS TALBOT ET AL.

(Case No. 3536.)

1. PLEADING — LIMITATION.— Where the petition does not show on its face that the right of recovery is barred, the defense of limitation cannot be set up by demurrer against it.

2. PRACTICE — PLEADING.— However inconsistent or repugnant the allegations may be in the pleadings of heirs who have been made parties in a suit by the administrator of their ancestor, they will not have the effect of annulling what the administrator has sufficiently alleged. Smith v. McGaughey, 13 Tex., 464.

3. STALE DEMAND.— General allegations of absence, fraud, concealment, minority and coverture are too indefinite to avoid the defense of stale demand.

ERROR from Robertson.    Tried below before the Hon. John B. Rector.

This suit was instituted by Walton, administrator of Hughes, against the defendants, for the recovery of an undivided interest in one-third of a league of land on Walnut creek, in Navarro county, the headright of Nathaniel Mudd. The petition is in the ordinary form of an action of trespass to try title.

The defendants excepted to the petition of plaintiff because the heirs were not made parties and joined in the suit, and pleaded " not guilty."

The heirs of Hughes were then made parties plaintiff by leave of the court, and they filed a petition alleging that they were the owners of the land " subject to the purposes of administration;" that on 2d January, 1837, their ancestor, James Hughes, contracted with Nathaniel Mudd for the consideration of $1,000, and Mudd obligated himself to make Hughes a title to one-half his headright when he should obtain title to it; that Hughes was to locate it and did so (though this did not appear in the agreement), and paid all the charges except the bare fee for the issuance of the patent; that Mudd took out the patent in 1845. Hughes died in 1846, and then Mudd, intending to defraud his heirs, claimed the whole of the land; and, in 1848, sold it to Swenson, who knew the facts of Hughes' right to one-half if it, but who has sold more than half of the land; they aver that the administration of the estate has been prolonged by litigation; that they were unacquainted with the condition of the estate; they pray for a partition of the land, and that Swenson may be compelled to make good the excess in value beyond his half of the land which he has sold.

To this petition of the heirs the defendants demurred, alleging that the plaintiffs' claim was a stale demand and barred by limitation.

They also pleaded the statutes of limitation of three, five and ten years. That the contract set up by the heirs was an executory contract, and that the right to recover upon it or have performance thereof was barred.

To these pleas the heirs replied, that Hughes had fully complied with his agreement and performed his contract for the location of the land; that Mudd held the title in trust for him for his half; that they had no notice of any disavowal by Mudd of the trust; that they knew nothing about the sale of the land till just before the institution of the suit; that they have been scattered far from Navarro county; that Swenson and Mudd combined to defraud their ancestor and them by the sale, and kept it unknown to them; and that the said heirs have been under the disability of minority and coverture since and before the sale to said Swenson.

The cause was submitted to the court, who sustained the demurrer of the defendants, and the plaintiffs declining further to amend, judgment was rendered " that the defendants go hence without day, and that the costs be paid by R. W. Walton, administrator of Hughes, in due course of administration." From this judgment Walton, administrator of Hughes, has appealed.

It is assigned for error that the court erred in sustaining exceptions to plaintiffs' petition and amended petition.

*William H. Hamman* and *Champe Carter*, for plaintiffs in error.

*H. D. Prendergast*, for defendants in error.

QUINAN, J.— We are of opinion that this assignment is well taken.

Whatever may be said of the imperfection of the pleadings of the heirs of Hughes, who were called in and made parties by the defendants, it cannot be doubted that the petition of Walton, administrator of Hughes, set up a good cause of action, entitling him to recover, if the averments were sustained by the proof. It certainly did not show on its face that the right of recovery was barred by limitation, and consequently the defense of limitation could not be set up by demurrer against it.

Nor did the pleadings of the heirs vitiate that of the administrator. However inconsistent or repugnant their alle-

gations may be, they could not have the effect of annulling what he had sufficiently alleged. Smith *v.* McGaughey, 13 Tex., 464.

For this cause the judgment must be reversed. It is unnecessary to comment upon the sufficiency of the allegations of the heirs in their petition, or to determine whether the claim, as stated by them, is subject to demurrer as a stale demand. The agreement or contract between Hughes and Mudd is not before us, and we can express no opinion whether it was executory or substantially executed. The facts in connection with it can be developed on the trial. Bell *v.* Warren, 39 Tex., 106. We need only say that if it should become necessary to avoid the defense of stale demand by proof, general allegations of absence, fraud, concealment, minority and coverture, are altogether too loose and indefinite. Story's Equity Pleadings, sec. 814.

The judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.