## WHEELER, DABNEY & WHEELER vs. S. ROBERTS.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*Whether or not* a citation is legal, the appearance of defendant, and answer, even though the answer be subsequently withdrawn, will support a judgment by default. Such appearance and answer to the citation must be taken as a waiver of all defects.

*The payee* of a note will not be permitted, under the laws of this State, to sue for the use of the assignees, when the petition alleges the legal title and ownership of the note to be in the parties for whom he sues. Suit however by a party having a legal title to the note for the use of the equitable owner can be maintained. See the opinion on the question.

*The rule* is, that when a defendant withdraws his answer, and suffers judgment to go against him for want of an answer, it is equivalent to a confesion of judgment.

The rule governing judgments *nil dicit* is that the judgment must conform to the legal effect of the facts stated in the petition. The effect of the appearance of defendant, and subsequent withdrawal of his answer, was to confess judgment in the amount made certain by the petition. To this extent the judgment in this case is affirmed. But being in excess of the claim made certain, it is not reformed but remanded.

Appeal from Waller County.

Opinion by Hurt, J.

S. Roberts, for the use of the National Bank of Cincinnati, Ohio, in the county of Waller county, sued appellant upon the following promisory note :

"$656.00.　　　　　　Hempstead, Texas, January 11, 1882.

On or before the seventh day of December, A. D. 1882, we or either of us promise to pay S. Roberts, or order, for value received, the sum of six hundred and fifty-six dollars, with exchange on Cincinnati, Ohio, and should it be necessary to have to collect this note by suit, then the additional sum of ten per cent shall be paid.

　　　　　(Signed)　　　　　WHEELER & DABNEY.
　　　　　　　　　　　　　　　W. H. WHEELER."

Defendant appeared and answered, but before the judgment was taken, to wit : on the 19th of March, 1883, Mr. Reese, attorney

for defendants, by leave of the court, withdrew the answers of the defendant.

On the 21st of March the cause was reached. It was submitted to the court upon the law and the facts, and judgment was awarded against defendants for the sum of $806.10. The cause is brought to this court by writ of error.

First error assigned is, that the court erred in rendering judgments by default against defendants, because each defendant had not been served with copy of citation.

We reply that the record shows that they answered. If this be so, whether the defendants were legally served with citation or not, cannot figure in the case.

S. Roberts could not maintain this suit because the note had been transferred by him to the bank.

The note is payable to S. Roberts. It is endorsed in blank by "Samuel Roberts." There is no allegation in the petition that "S." and "Sam'l" are the same person; hence it is doubtful whether this petition, with the note and endorsements on the back of the same, show a transfer of the note to the bank. But concede that the petition shows beyond question that the bank was the legal owner and holder of the note, and that S. Roberts had no interest, legal or equitable, in the same, defendants having answered and withdrawn their answer, will they be permitted to question Roberts' right to maintain this suit, in the manner sought, *in this court?* This is the question; for it is settled in this State that the payee of a note will not be permitted to sue for the use of the assignee and real owner of the note, when the petition alleges the legal ownership and possession of the note to be in the party for whom he sues. Suit, however, by a party having a legal title to the note, for the use of the equitable owner can be maintained. Anderson vs. Shaw.

In this case the defendant demurred to the petition, which demurrer was overruled by the court. Upon appeal the question was presented, "did the plaintiffs' petition show that he was so interested in the demand upon the defendant as would authorize him to maintain the action, the petition showing the legal as well as the equitable title in another?

Judge Watts (of the Texas Commisson of Appeals) held that it did not, and our supreme court adopted his opinion. In the case in

hand, however, the defendants appeared, answered, and subsequently withdrew the answer.

What effect has the fact that the defendants answered, and withdrew their answer, upon their right to call in question Roberts' right to maintain this suit for the use of the bank ? Suppose that this had been a judgment by default, would defendants have been estopped from denying Roberts' right to maintain his suit ?

We think not. But a judgment *nil dicit* is construed more liberally than by default. Wheeler vs. Paige, 5 Texas, 262; Gilder vs. McIntyre, 29 Texas, 89.

It is a waiver of all errors, unless it exceeds the amount claimed in the petition. Gilder vs. McIntyre, *supra*; Goodlett vs. Sparks, 2 Texas, 121; Winfred vs. Gates, Dallam, 363; Wescott vs. Menard, Dallam, 503; Wheeler vs. Pope, 5 Texas, 262; Greer vs. Powell, 14 Texas 320; Strong vs. Nichols, 22 Texas, 87.

In Greer vs. Powell, *supra*, Judge Wheeler upon this question says : "Repeated decisions of this court have settled, that when the defendant withdraws his answer and suffers judgment to go against him for the want of an answer, it is equivalent to a confession of the judgment."

And it is equally well settled that error will not lie to revise the errors in a judgment rendered by confession. On general principles, therefore, it is clear that this court would not revise, on error, a judgment of the character of the present, and would only look into the judgment for the purpose of exercising our jurisdiction in giving or refusing damages. But where there is an error or mistake committed by the clerk, in entering up a judgment brought before us by writ of error or appeal, it has been thought, we may so far revise the judgment as to correct such error, in analogy to the power of correcting such errors conferred by the statute upon the district court, and the power was accordingly exercised by this court in the case of McNairy vs. Castleberry, (6. Texas R., 286)" But it is claimed the judgment is expressive.

This is a judgment by *nil dicit*.

What is the rule ?

The judgment must conform to the legal effects of the facts stated in the petition, and must not exceed the amount therein claimed. This petition claims the amount of the note, interest to judgment, two per cent for collection and two and a half per cent for exchange.

Defendants appeared, saw these claims, answered, and withdrew their answer. This is tantamount to a confession of judgment for the amount which is made certain by the petition. The amount of the note, interest, it being the legal interest, the ten per cent, and by direct averment of the petition, two and one-half per cent exchange. The defendants, being present in court with the petition before them, with these, certain demands clearly stated, withdrew their answer, thereby confessing the correctness of these demands. Under these facts will they be heard now for the first time to question these claims ? We think not.

The position of the appellants is not supported by the opinion in the case of Strong vs. Nichols, *supra.* In this case was it necessary for proof to be made of the rate of exchange ? We think not.

The rule applicable to judgments *nil dicit* is the same in this regard as obtains in judgments by default. The rule will be found in these cases : Peak vs. Blythe, 7 W. W's. Con. Rep.; Wilson vs. Neusham, 17 Texas, 4373; Guest vs. Rhine, 16 Texas, 550; Willard vs. Conduit, 10 Texas, 214; Gilder vs. McIntyre, 29 Texas, 89; Goodlett vs. Sparks, Id., 121.

But when considered in reference to the amounts claimed in the petition, the judgment is excessive. By our calculation, giving the appellee all he claims, the judgment should be for $798.35.

The judgment is therefore revised and here rendered for the above amount.

Nor will the cost of the appeal be awarded against the appellee, for it was the duty of appellants to have had this error corrected below. Greer vs. Powell, 14 Texas, 320.

The judgment is reformed and affirmed at cost of appellants and their sureties.