Lipscomb, J.
The errors assigned in this cause are:
1st. The plaintiff, by his petition, shows no cause of action against the defendant.
2d. The court should not have rendered a judgment without a jury.
On the first point, it is true the petition does not state what diligence had been used by the plaintiff; it does not aver that suit had been instituted against the maker, or any reason why it had not been done. It may therefore be well questioned whether the petition *(56) would have been sustained if objected to at the proper time in the •court below, and, even here, by default. For there are strong reasons to believe that, although our statute dispenses with demand and notice, it was not intended to relieve the indorsee, if he wishes to fix the liability of the indorser, from using due diligence, and as it was essential before our statute that he should aver in his petition, demand and notice in a suit against the indorser, it is reasonable that he should still show that he had used such diligence as is required by the statute. See act of January 25, 1810, sec. 1-6. But, let it be conceded that the petition is bad, and that it could not have been sustained if objected to below, or even would have been reversed on error, if there had been no appearance by the defendant in the district court; we will inquire whether those defects have not been cured and and waived by what appears on the record. What then is the legal presumption to be deduced from the judgment by nil dicitf It has been held by the supreme court of Alabama, with much good reason, it seems to me, “that the withdrawal of a plea admits the cause of action and waives all irregularities in the declaration, and will even cure the want of a declaration.” 6 Potter, 358. It must be remembered that in the state of Alabama, suits are brought by original writ, and the declaration is not filed until the defendant has been brought into court by the original process. The same court declared that although a judgment by nil dioit is not technically “a judgment by confession, yet it cannot by any sound reasoning be distinguished from such an one respecting its effect as a waiver of defense.” Clements v. Johnson, 3 Stuart & Porter, 269. The entry of the judgment shows the presence of the defendant; that he voluntarily withdrew his defense, and says nothing in bar or preclusion of the plaintiff’s action. To admit him, after all this, to insist on matters that would have been available if not waived and abandoned by him — I say, to admit him to do this, would be to prevent the rules of law, to the destruction of right, instead of adapting them to the ends of justice. Indeed it may be well questioned if the ends of justice have been ever advanced by permitting a party, after having appeared and made, or expressly declined making, a defense in the court below, to set up a defense he could have so made then and there, in an appellate tribunal. The supreme court of Louisiana in Fitz v. Couchoix, La. (N. S.) 265, ruled that a judgment by default is an admission of the cause of action, and it would seem to us that, a fortiori, a judgment by nil dioit would be the same. We believe, therefore, that all the objections to the petition were waived by withdrawing the answer.
We will proceed to examine the second error assigned. The ob *(57) jection embraced in this assignment is, that the judgment final, without the intervention of the jury, was not lawful. The supreme court of Louisiana in the case cited above decided that a judgment by default, in an action by an indorsee against an indorser, was final without the intervention of a jury. Under a statute similar in terms to ours, the supreme court of Alabama, in Malone & Co. v. Hathway, 3 Stuart, 26, ruled the same. These decisions were based on the ground that the • demand was for a certain liquidated amount, and there were no damages to be assessed by the jury. According to the English authorities, in all actions of debt, judgment by default was final. See Pettigrew v. Pettigrew, 1 Stuart, 580, where the English authorities are reviewed. But the action of debt could not be sustained on the indorsement of a note or bill by the indorsee, and the reason assigned in the common law boohs is a want of privity of contract between the indorser and indorsee, and the indorsement was held not to he the gist or foundation of the action, but the inducement only; it was used as evidence conducing to prove the amount claimed, and only to he let in after establishing the right to sue. How far those nice distinctions would still prevail, in the absence of statutory provisions in courts where the common law governs, would be with us a profitless inquiry, as our suits are brought and conducted by petition -and answer. We are therefore of opinion that the judgment in the court below must be affirmed.