[581] THOMAS WM. WARD, Commissioner of the General Land Office, vs. NATHANIEL TOWNSEND — Appeal from Travis County.

In the absence of a statement of facts, the legal intendment is in favor of the correctness of the judgment. [*Post*, 594; 3 Tex. 60; 7 Tex. 465; 13 Tex. 394; 21 Tex. 485; 28 Tex. 263.]

The facts of this case are stated in the opinion of the court.

*Harris*, Attorney General, for the appellant.

*Gillespie*, for appellee.

Chief Justice HEMPHILL delivered the opinion of the court. This was an application for a *mandamus* to compel the

commissioner of the general land office to issue a patent upon field notes copied into the petition. The commissioner, on the rule to show cause, returns that the boundary between the counties of Bexar and San Patricio are uncertain, and that the location, claimed by the applicant under surveys from the county of Bexar, is claimed by others under surveys from the county of San Patricio.

When the counties were declared to be sections by the land law of 1837, their boundaries should have been surveyed, or defined so distinctly that neither claimants nor officers of the government could entertain any doubt of their true position. This has not been done, and the consequence is present confusion, bringing in its train a fruitful harvest of litigation.

Had the return of the commissioner disclosed the name of the opposite claimant, or had it been known to the petitioner, [582] the court should have required him to be summoned before the peremptory writ was issued. The judgment, however, will not conclude his rights, if he have any, and they can be subsequently prosecuted, and will be protected in courts of justice.

The cause was submitted to the court, and after the witnesses were heard, the writ *nisi* was made peremptory, and ordered to issue. The record contains no statement of facts, and, the legal intendment being in favor of the correctness of the judgment, we must presume that there was sufficient evidence to satisfy the court that the location was within the county of Bexar. And this presumption not being rebutted by any principle of law applicable to the case, or facts apparent on the record, the judgment must be affirmed. And it is so ordered.