Lipscomb, J.
There are but two points assigned for error in this case 'thought to be worthy of notice.
Eii-ft, that tlie, court below erred in excluding the evidence offered to show that Smith at tins lime, of the contract did not own all the laud which in his ■contract ho liad offered to convey by good title to Tison. It is not believed that there, was any error in such rejection. If Smith was willing-, ready, and .able to make litio at the, time, lie had undertaken by his contract to make that tide, his not being able to do so at the date of his contract-would be wholly ■immaterial, even under the most stringent application of the law.
*75 It seems, too, that Tison was aware that Smith would have to purchase a .part of tire land he had undertaken to convey from McKinny; and that lie was also aware that the purchase from McKinny liad been made by Smith before the time had expired for making the title under the contract between Smith and himself. For this portion so purchased it appears that Smith paid McKinny more than he was to receive from Tison.
The other objection is, that the judgment on the verdict is erroneous and does not give the boundaries or quantity of land called for by the contract. After giving judgment for Smith for the purchase-money sued for, it proceeds to adjudge that Smith shall make the title according to his contract, and designates the mode in which the six hundred and forty acres sold shall be surveyed ; that it shall commence at a designated point and run south to a given point, then east to a given point, north to another given point, then east to the place of beginning. Now, the last-named course could never reach the point •of beginning as it directs it shall do, and is therefore inconsistent and repugnant to the call for the point of beginning. If such a mistake was made in a deed there can be no doubt that the rule ox construction would be to consider •the course to be west instead of east, because by running west the point of beginning could be reached and could not by running east. It was in all probability a clerical mistake; but it can be of uo sort of consequence, because the point called for must control the course designated. It is objected that the area contained in the metes and bounds will not embrace the six hundred and forty acres of land ordered to be conveyed and the amount sold by Smith to Tison. I apprehend that if it be true that the quantity is not embraced, and that Tison was deceived by Smith as to the quantity within the bounds called for in the contract, his representatives would not be without remedy for such deficiency, notwithstanding the judgment of the court, because this question is not adjudicated in the suit. Whether there is a deficiency or not would have to be determined by the evidence of a scientific surveyor, and we have no such evidence before us on the record. The judgment is affirmed.
Judgment affirmed.