JOHN F. STOREY AND OTHERS v. F. P. NICHOLS.

If it appear from the face of a note, and from the allegations of the petition, that the makers intended to bind themselves in a representative capacity, as trustees, and the plaintiff intended to recover against them as such, a judgment that would render them personally or individually liable therefor, is erroneous.

Where the defendant withdraws his answer, and judgment *nihil dicit* is rendered against him, such judgment must conform to the legal effect of the facts and admissions stated in the plaintiff's petition; and if it exceed that amount, it is such an error as may be assigned and reviewed in this court.

The proceeding to ascertain the amount, is the same on judgments by *nihil dicit*, as by default.

In other respects, a judgment by *nihil dicit*, is held by this court, to possess a stronger implication in favor of the plaintiff's claim, than an ordinary judgment by default; it is regarded as partaking of the nature of a judgment by confession, as well as by default.

It has been held by this court, that a withdrawal of pleas, is a virtual waiver of errors; but this consequence is subject to such limitations and restrictions, as are incident to the nature and extent of such implied confession. The rule, in reference even to an express confession of judgment, is subject to limitations and qualifications.

The legal consequence of the withdrawal, by the defendant, of his pleas, is, that it is an implied confession of judgment, having reference to the cause of action stated in the petition; it is tantamount only to such an express confession of judgment, as does not state the amount and terms of the judgment, and is liable to be partially curtailed and qualified, by facts in the record, which raise a rebutting presumption.

See this case, as to the legal effect of judgments by default, *nihil dicit*, and by confession; and the distinctions between them respectively.

ERROR from Caldwell. Tried below before the Hon. Alexander W. Terrell. Suit by the defendant in error, against the plaintiffs in error, on a promissory note, as follows:

$275 $\frac{98}{100}$            Lockhart, Texas, June 3, 1857.

One day after date, we, the undersigned, Trustees of the "Lockhart Union Female Seminary," and our successors in office, promise to pay to F. P. Nichols, (late principal of said seminary,) or order, two hundred and seventy-five dollars $\frac{98}{100}$, balance due

him as principal of said seminary, bearing ten per cent. interest per annum, from the 4th day of February, A. D. 1857.

Signed,

Trustees.

$\left\{\begin{array}{l}\text{John F. Storey, President, [seal.]} \\ \text{Edward Heppenstall, \quad [seal.]} \\ \text{Sam'l J. P. McDowell, \quad [seal.]} \\ \text{\quad Sec'y and Treas'r.}\end{array}\right.$

Petition filed October 5, 1857, against John F. Storey, Edward Heppenstall, and Champion Cowan, successor to Samuel J. P. McDowell, Trustees of Lockhart Union Female Seminary. The petition, after averring the execution and delivery of the note, and that Nichols was the holder and owner thereof, represented that "said defendants, their successors, nor "no other person for them, have paid to your petitioner, the "said sum of money, or any part thereof, save the sum of one "hundred $\frac{65}{100}$ dollars, although often requested," &c.

Petition prayed, that judgment be rendered against the defendants for the said sum of money, all interest that had or might accrue, and costs. Defendants filed their answer on 23d day of October, 1857. Answer, general denial. On the 24th day of October, 1857, withdrawal of answer by defendants and judgment, as stated in the opinion, for the sum of one hundred and ninety-five dollars and nineteen cents, ($195 19). Defendants assigned the following grounds as error:

1. The court erred in rendering judgment against said defendants, in their individual capacities, and awarding execution thereon against their individual property, when they were sued as Trustees of Lockhart Union Female Seminary, upon an instrument of writing given as such trustees.

2. The court erred in rendering judgment against the defendant, Cowan, in his individual capacity, and awarding execution against his property, when he was sued as trustee of said seminary, and as a successor to a former trustee thereof.

3. The court erred in rendering judgment against said defendants, in favor of plaintiff, for the sum of one hundred and ninety-five dollars and nineteen cents debt; it being for a

larger sum than was due upon the instrument sued on in this case.

*Chandler* and *Turner*, for plaintiffs in error, argued that any endorsement, transfer, or other writing made upon the back of commercial paper, is presumed to have been so endorsed at its inception. This being the case, the judgment is excessive.

*W. R. Cowan*, for defendant in error, argued that the note bore interest from February 4, 1857, and there being no statement of facts in the record, the court would presume that there was proof to sustain the judgment. He cited 3 Tex. Rep. 357 ; 2 Tex. Rep. 297, 581, 594. On the basis assumed, the error in calculation of interest being but thirty-two cents, he offered to remit the same, and asked an affirmance of judgment, with damages.

ROBERTS, J. The judgment is excessive, because the petition admits a credit of $100 65, without ascribing to it any date, and interest is calculated on the whole of the note up to the date of the bringing of the suit—eight months and two-thirds. The suit is brought against defendants, as trustees of the "Lock-"hart Union Female Seminary," and the judgment is rendered against them in their individual capacity. The manner of executing the note, on which the suit was brought, shows that it was intended to be an obligation, as trustees ; and the fact, that one of the defendants is sued as a successor to one of the obligors in the note, who is not included, shows that the plaintiff must have intended to recover against them as trustees.

The judgment rendered, then, departs from the legal effect of the facts stated in the petition ; and from the claim made by it, both as to the amount, and as to the capacity of defendants. The important question is, have the defendants a right to assign this as error, they having pleaded to the action by a general denial, and withdrawn their pleas in the court below? The recital in the judgment is as follows : "In this cause, came the "plaintiffs and defendants, by their attorneys, defendants

"withdrawing their answer, the court hearing the evidence; "and it appearing to the court, that this suit is upon a just "liquidated claim, it is therefore ordered, adjudged, and de- "creed, that the plaintiff, F. P. Nichols, do have and re- "cover," &c. This is a species of judgment by default, and is here commonly called a judgment by *nihil dicit*. It is not provided for by our statute. The statute contemplates a case, where the defendant is served with process, and entirely fails to file an answer. (Hart. Dig, Art. 812.) In such case, it has been repeatedly held, that no error in substance is waived, and that the judgment must correspond, in its terms, with the legal effect of the facts stated in the petition. Nor are any errors in the service, or return of process, waived by such statutory default. This judgment, by *nihil dicit*, amounts to something more than this statutory default. Certainly, defects in the service and return of process are cured by it. The withdrawing an answer that has been filed in the case, leaving the defendant standing in court without an answer, must be held to raise, at least, as strong an implication in favor of plaintiff's claim, as the statutory default expressly provided for; and should give the plaintiff equal right to have damages assessed by writ of inquiry, on an unliquidated demand, or by the clerk, upon a liquidated demand, evidenced by a written instrument. The mere act of withdrawing the answer, cannot indicate to the court the exact amount for which the judgment shall be rendered, any more than the failure to file an answer; and hence the proceeding to ascertain the amount, must be the same in both judgments, by default, and by *nihil dicit*. In other respects, a judgment by *nihil dicit*, is held by this court to possess a stronger implication in favor of the plaintiff's claim, than an ordinary judgment by default. It is regarded as partaking of the nature of a judgment by confession, as well as by default. (Cartwright v. Roff, 1 Tex. Rep. 78; Wheeler v. Pope, 5 Tex. Rep. 262; Burton v. Lawrence, 4 Tex. Rep. 373.) In the first two cases here cited, it was held, that the omission of a material incidental allegation in the petition, was cured by withdrawing the answer;

and in the last, it was held not to be error, to render a judgment for the debt and interest without the intervention of a jury, the pleas having been withdrawn. The same doctrine was maintained, in a case where the defendants "appeared in court and "confessed judgment," without specifying any amount confessed. (Little v. Crittenden, 10 Tex. Rep. 192.) In both the cases last referred to, one by *nihil dicit*, and the other by general confession, the amount claimed was ascertained by reference to the cause of action stated in the petition, (being founded on liquidated demands in writing,) without the intervention of a jury, just as it is done in cases of statutory default.

In all these cases, it is maintained that a judgment by *nihil dicit* is in the nature of a judgment by confession, and that the withdrawing the pleas, is a virtual waiver of errors. The rule that a confession of judgment waives all errors in the judgment, is itself subject to limitation and restriction, necessarily implied. (Hart. Dig. Art. 771.) In the case of Montgomery v. Barnett, 8 Tex. Rep. 143, it was decided, that a confession of judgment made without service of process, and before the filing of a petition, was contrary to law; and that the error therein was not waived, by the judgment upon confession being entered. So, in such case, where the affidavit to the justness of the debt is wanting. (Hopkins v. Howard, 12 Tex. Rep. 7.) So too, if a cause of action is set out in the petition, on an open account, for two hundred dollars, and a judgment is expressly confessed on a note for three thousand dollars, it can hardly be doubted, but that this judgment would be held to be erroneous ; because for this last cause of action, there would have been no petition, no process, and no affidavit, as required by law. (Hart. Dig. Art. 770.) The restriction then is, that the cause of action, embraced in the express confession, must not be an entirely different one from that stated in the petition. If such a radical departure from the cause of action alleged, be erroneous in the case of an express confession of judgment, it can hardly be otherwise, in the case of a judgment by *nihil dicit*, which is, at most, only an implied confession of judgment.

From the very fact that it is a confession, not declared, but presumed from the act of the party in withdrawing his pleas, it cannot be entirely of equal conclusiveness, and co-extensive with a full express confession of judgment. The implication arising from it may be partially removed, by any act of the party raising an adverse presumption, and which shows that all the errors were not intended to be waived. In Frazier v. Todd, 4 Tex. Rep. 461, it was decided, that "the withdrawal of an answer "upon the facts, after demurrer overruled, is not equivalent to "a confession of judgment; and the judgment upon demurrer "may be assigned as error." The petition omitted a material allegation, to wit, that the note sued on was executed by the defendant. An equally important omission was made in the case of Cartwright v. Roff, 1 Tex. Rep. 78. Why was the error held to be waived in the one, and not in the other? The answer is, that the act of the party, in pressing his demurrer to a decision, rebutted the implication, *pro tanto*, arising usually upon the withdrawal of pleas, and indicated the intention of the party to waive errors, not as to the law, but as to the facts only, in the case. Whereas, an express confession of judgment fully made, would waive all errors, notwithstanding the demurrer had been pressed to a decision and overruled. (Hart. Dig. Art. 771.)

Again, such implied confession is liable to be limited and qualified, not only by an opposing presumption, but also in the extent of its operation on the facts. A confession of judgment should properly express all the necessary facts, amounts, and terms, upon which the judgment is based. (Tidd's Pr. 559; Montgomery v. Barnett, 8 Tex. Rep. 147.)

The mere act of withdrawing pleas, cannot, by implication, ascertain the amount and terms of the judgment, otherwise than in connection with, and in reference to the plaintiff's claim in the petition. It acknowledges that plaintiff has a right of action arising upon the matter contained in the petition, whether it be perfectly or imperfectly stated, (where no rebutting presumption obtains, as in case of Frazier v. Todd); but the petition

Storey v. Nichols.

itself may not, and often does not, fix the exact amount which the plaintiff intends to claim, and designs to establish by proof under it. In such case, the failure in the extent of the presumption must be aided by some of the modes of ascertaining facts known to the law. If the suit be upon a liquidated demand in writing, it is sufficient to ascertain the amount claimed, by reference to the facts stated in the petition, as was done in the case of Burton v. Lawrence, 4 Tex. Rep. 373, and in the case of Little v. Crittenden, 10 Tex. Rep. 192, and as it would be done, upon default under the statute, on a similar demand. If the demand was unliquidated, as in account, trespass, and the like, it is not perceived, why the extent of the implied confession might not be aided by a writ of inquiry, as in a default under the statute. The conclusion then is, that the withdrawing the pleas is an implied confession of judgment, having reference to the cause of action stated, or attempted to be stated, in the petition ; tantamount to an express confession of judgment only, which does not state the amount and terms of the judgment, and liable to be partially curtailed and qualified by facts in the record, which raise a rebutting presumption.

The judgment, actually rendered in this case, is an entire departure from the cause of action in the petition, in respect to the persons against whom it is rendered ; and is for an amount not warranted by a reference to the plaintiff's claim, made in the petition ; and hence the error therein is not cured by withdrawing the plea, and is properly assigned.

Judgment is reversed, and the proper judgment will be here rendered.

Reversed and reformed.