JOHN M. GOSS v. THOMAS J. PILGRIM.

This court must presume that the order vacating the grant of the new trial was rendered correctly and in accordance with the agreement of the parties.

This court cannot notice the paper purporting to be the agreement of the parties, because, although filed in the cause and copied into the transcript, it is not shown by any statement of facts or bill of exception that such paper was brought to the attention of the court below, or that the order revoking the new trial was made in pursuance of that agreement, instead of another agreement announced to the court below. (Paschal's Dig., Art. 1581, Note 613.)

This court cannot notice every paper that may have been filed in the cause while pending in the court below, when it is not made to appear, by a a statement of facts, bill of exception, or otherwise, that some action was taken upon it by the court below. (Castro v. Illies, 11 Tex., 39; and Duggan v. Cole, 2 Tex., 381, cited by the court.)

The order of sale being in substantial compliance with the statutory direc-
tions on the foreclosure of mortgages, in the 119th section of the statute,
the portions relating to the vendor's lien may be treated as surplusage. .
(Paschal's Dig., Art. 1480, Note 576.)

It being assigned and insisted that the judgment is excessive in consequence
of a miscalculation of the amount of the *remittitur,* which amount is speci-
fied in the order of the court below, this court, regarding the judgment as
entered by confession, will not consider the question. (2 Tex., 581; 13 Id.,
394.)

Error from Gonzales. The case was· tried before Hon.
Fielding Jones, one of the district judges.

For the purpose of elucidating the rulings of the court,
the facts of this case may be stated in brief; but, as there
is no statement of facts or bill of exceptions, it is not neces-
sary to the merits.

Suit on a note given for real estate, and also to foreclose
a mortgage on the same property, given to secure the note,
instituted by the indorsee of the note against the maker,
and also against a purchaser of the mortgaged property.
The maker answered, that the note was assigned to the
plaintiff after maturity, and plead in offset two notes exe-
cuted by the payee of the note sued on. The other defend-
ant filed a general demurrer and general denial. Verdict
in favor of the plaintiff for the amount of the note sued on
and interest, and judgment therefor, with order of sale
framed as though to enforce a vendor's lien, instead of to
foreclose a mortgage. A new trial was granted to the
defendants; but by a subsequent order, purporting to be
made on agreement of the parties, the order granting a
new trial was set aside on the plaintiff remitting the amount
of the offsets plead. There is no statement of facts nor
bill of exceptions, but the transcript sets out an instrument
of the same date as the grant and revocation of the new
trial, and purporting to be an agreement between the
plaintiff and the maker of the note sued on, that a "judg-
ment may be entered at this term of the court for the
amount of the note and interest sued on, after deducting

the amount of the two notes filed and plead by the defendant as offsets." The purchaser of the mortgaged property did not join in the writ of error.

*Parker & Miller*, for the plaintiff in error.

No brief for the defendant in error.

Smith, J.—The note and mortgage sued upon were executed by Goss to De Witt to secure the purchase-money for a lot and improvements in the town of Gonzales. De Witt indorsed a note in blank, it being payable to his order, to Pilgrim. Crawford purchased the property covered by the mortgage, and hence is made a party defendant below, and he answers. Goss avers that the note was transferred after its maturity, and plead in offset two notes executed by the payee, De Witt. A trial was had, and verdict and judgment were rendered in favor of Pilgrim for the amount of his note, and the property was ordered to be sold.

On motion of Goss a new trial was granted, and on the same day the following order was made by the court, viz: "T. J. Pilgrim v. John Goss *et al.* Comes the plaintiff by his attorneys and remits so much of the judgment heretofore entered in this cause as the two notes and their interest, plead by the defendants as offsets, amount to, to wit, $315 99; and by agreement the order granting a new trial in the cause is set aside and vacated."

Goss alone brings the cause to this court by writ of error, and complains that the judgment was not in accordance with the agreement filed in the cause.

There is no statement of facts or bill of exceptions in the record, and we must presume the *remittitur* of $315 99 and the setting aside of the order granting the new trial to have been correctly done, and in accordance with the agreement of the parties, as is recited in the order of the court.

It is contended that the agreement of the parties is shown by a paper filed in the cause and copied in the transcript, purporting to be signed by Pilgrim and the attorneys of Goss. We cannot notice this paper, it does not appear by a statement of facts or bill of exceptions to have been brought to the attention of the court below, or that the order was made for the purpose of carrying it out. The order of the District Court may have been made according to a verbal agreement of the parties then announced to the court.

This court cannot notice every paper that may be filed in the cause below, upon which it does not appear by a statement of facts, or bill of exceptions, or otherwise, that action was taken upon it by the court. (Duggan v. Cole, 2 Tex., 381; Castro v. Illies, 11 Tex., 39.)

We are, however, of opinion that the action of the court, if not a literal compliance with the written agreement, was substantially in conformity with it. The court, having resorted to a different mode to effect the end desired, will not afford grounds of reversal. In this case, we will presume that the parties concurred in the action of the court verbally, if not in writing.

The second assignment, that Crawford did not agree to the action of the court, in making the order complained of, is not sustained by the record. It appears that all the defendants below were before the court and agreed to it, at least this will be the presumption, from the fact the defendants all appear to have agreed to it.

If Crawford did not in fact consent to the judgment as finally rendered, that can afford Goss no grounds of reversal. He has not joined in the writ of error, and is not complaining of the action of the court; and any error affecting him only cannot be relied upon by Goss, who appears much more concerned about the interest and welfare of Crawford than he manifests himself. Goss can easily effect his laudable desires to relieve Crawford from

litigious trouble and mental anxieties by simply paying off the debt for which the mortgaged property is bound in the hands of his vendee, Crawford.

We believe it is no error to foreclose the mortgage in the manner and in the language used in the decree. The statute (Art. 504, O. & W. Dig.) directs that the plaintiff recover the debt, and that an order of sale do issue to the sheriff, directing him to sell the property as under execution. This is done, and that part foreclosing the vendor's lien, if improper, may be treated as surplusage.

We are not prepared to say that the judgment is excessive. We have not entered into a close computation of the amounts due on the several notes, it not being our duty, as we conceive, (Metz v. Bremond, 13 Tex., 394;) but presume the amount adjudged met with the approbation of the defendants below when they confessed or agreed to the judgment. (2 Tex., 581.)

A judgment by *nil dicit*, or one by confession, will not be reversed where the complaining party has not been injured. (1 Tex., 78; 4 Tex., 373; 5 Tex., 262; 10 Tex., 193; 22 Tex., 87.)

The judgment below is

AFFIRMED.

## NOTE BY THE REPORTER.

[The opinion in the following case was delivered on the 27th day of December, 1858. The record was sent to the *Reporter* by ROBARDS and JACKSON without any explanation, and with their report of the case, omitting the opinion of Chief Justice WHEELER. From this and the recollection of the *Reporter*, it may be stated that a re-hearing was granted, and the case continued eight years longer. It may not be exactly regular to print the opinion which was withheld, but it is hardly just to the memory of Chief Justice WHEELER to omit it.]