## DAVID J. GOODLETT v. JOHN STAMPS.

Civil suits are commenced by filing a petition in the office of the clerk of the district court, and it must contain a "full and clear statement of the cause of action." (Paschal's Dig., Art. 1427, Notes 536–540.)

At common law the leading process in a cause was the writ, but according to our system of procedure it is the petition.

A judgment *nil dicit* is a species of judgment by default, but operates as a waiver of errors, which the judgment by default does not. It is considered as a waiver of all objections to the service and return of process. It amounts to an admission of the cause of action substantially stated in the petition, and, like a judgment by default, the amount and terms of the judgment must be ascertained by reference to the petition, together with the usual proceedings had upon such judgments.

ERROR from Washington. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

The facts of this case are sufficiently set forth in the opinion.

*Sayles & Bassetts*, for plaintiffs in error, cited Burton v. Lawrence, 4 Tex., 373; Montgomery v. Barnett, 8 Tex., 143; Little v. Crittenden, 10 Tex., 192; Bledsoe v. Wills, 22 Tex., 650.

*J. D. & D. C. Giddings*, for defendant in error, suggested delay.

SMITH, J.—The plaintiff below, Stamps, states in his petition that he is the owner and holder of a promissory note executed by the defendant, D. J. Goodlett, to George C. Were, and indorsed by the latter to him, marked A, and made part of the petition. The note was not, in fact, filed with the petition, nor became any part of it, nor was it copied into the petition as usual, nor was there any further description given of it. The defendant appeared, and filed an answer, but withdrew it, and let judgment go against him *nihil dicit*. The defendant below brings the cause here, and assigns as error, that the petition contains no cause of action upon which the judgment could be based.

Civil suits are commenced by filing a petition in the office of the clerk of the district court, (O. &. W. Dig., Art. 407,) and must contain a "full and clear statement of the cause of action." (O. &. W. Dig., Art. 425.)

At common law the leading process in a cause was the writ, but according to our system of procedure the petition is. (15 Tex., 237.) And as was stated by Chief Justice Hemphill, 8 Tex., 146, "from these provisions it appears, that a petition stating the cause of action is a pre-requisite essential to all other proceeding in a civil suit," "and it must precede all further action in a cause, as well where judgment is sought by confession as otherwise." True, there was an attempt to file a petition in this cause, but it

is wanting in the most essential requisite: there is no data upon which a judgment could be rendered at all responsive to it. The date of the note, when due, amount of principal, and rate of interest, are all omitted, and not supplied by any allegation, direct or inferential; and there is no statement of the cause of action from which any amount of indebtness can be computed in any of the modes prescribed by law for ascertaining the amount for which the judgment should be rendered.

A judgment *nihil dicit* is a species of judgment by default, but operates as a waiver of errors that the latter species of judgment does not. It is considered as a waiver of all objections to the service and return of process, (22 Tex., 90,) and of mere irregularities of form in stating the cause of action and of incidental facts, (1 Tex., 78,) and amounts to an admission of the cause of action substantially stated in the petition; and, like a judgment by default, the amount and terms of the judgment must be ascertained by reference to the petition, together with the usual proceedings had upon such judgments; that is, when the amount claimed is unliquidated, a writ of inquiry will be awarded, or, if certain, the clerk of the court will compute the amount evidenced by the written instrument, and a judgment will be rendered for the amount thus ascertained. (22 Tex., 87.)

In this case it is impossible to ascertain the amount due the plaintiff below by reference to the petition alone or in connection with any of the modes known to the law for ascertaining the amount, and for the purposes of this judgment we are of opinion, that the cause must be treated as if no petition had been filed, (8 Tex., 143,) and that the judgment must be reversed for the want of a petition to support it, remanded for a new trial, and in order that the plaintiff may amend the petition if he may desire so to do. And it is

ORDERED ACCORDINGLY.