M. F. & L. JANSON, ADM'RS, V. BANK OF THE REPUBLIC.

1. PRACTICE—WAIVER.—In a suit on a promissory note, if there be no breach for non-payment alleged in the petition, that defect will, on appeal, be regarded as waived, and cured by a withdrawal, at the trial, of general denial and general exceptions filed by defendant, when a judgment *nihil dicit* has been rendered for the amount of the note.

2. PRACTICE—JUDGMENT.—The withdrawal of his pleas by a defendant is an implied confession of judgment, having reference to the cause of action stated in the petition; but if the judgment should, in such cases, be rendered for a larger amount than is warranted by the cause of action stated, such error would not be cured by the implied confession resulting from a withdrawal of the answer.

3. JUDGMENT.—No implied confession of judgment can result from a withdrawal of the answer, if, before its abandonment, exceptions to the petition had been insisted on by defendant, which were overruled. The error in overruling the exceptions could be considered on appeal.

APPEAL from Brazoria. Tried below before the Hon. A. P. McCormick.

*George W. Duff*, for appellant, cited Bank *v.* Simonton, 2 Tex., 531.

*W. Fort Smith*, for appellee, cited Cartwright *v.* Roff, 1 Tex., 81; Prewitt *v.* Perry, 6 Tex., 263; Aldridge *v.* Mardoff, 32 Tex., 207.

ROBERTS, CHIEF JUSTICE.—In a suit upon a note in which there is no breach for non-payment alleged in the petition, will that defect be considered by this court as having been waived and cured by a withdrawal, at the trial, of the general exceptions and general denial pleaded by the defendant, and a judgment *nihil dicit* being then taken for the proper amount, according to the terms of the note ? It will. (Cartwright *v.* Roff, 1 Tex., 81.)

Upon a review of all of the cases of similar character decided by this court, and, as a deduction from them, in the case of Storey *v.* Nichols, 22 Tex., 93, it is said: "The conclusion, then, is, that the withdrawing the pleas is an implied confession of judgment, having reference to the cause of action stated in the petition, tantamount to an express confession of judgment only, which does not state the amount and terms of the judgment, and liable to be partially curtailed and qualified by facts in the record which raise a rebutting presumption."

As, for instance, in the case last cited, if the judgment had been rendered for a larger amount than was warranted by the cause of action stated, such an error would not be cured by the implied confession resulting from a withdrawal of the answer. And if the defendants had presented the exceptions to the petition, and the court had overruled them, and the defendants had then withdrawn the plea of general denial, the implied confession of judgment would have been qualified by the fact appearing in the record that the defendants had insisted on their exceptions to the petition; and if it was considered by this court that the exceptions should have been sustained, the error in overruling them, by the court below, would be available to the defendants on appeal to this court. (Frazier *v.* Todd, 4 Tex., 461.)

The objection that the petition stated that the plaintiff was the owner of the note, without setting out the assignment from the payee to plaintiff, further than as it appeared in-

dorsed on the note, made an exhibit to the petition, may be answered in the same way.

There is no complaint as to the amount of the judgment.

For a full discussion of this subject, reference may be had to Storey v. Nichols, 22 Tex., 87.

There is no error in the judgment.

AFFIRMED.