## JOHN FRAZIER ET AL. V. WOODWARD, SQUIRES & CO.

### SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Practice.*—On a question of practice in trial court, see this case.
*Damages.*—See the opinion for rule governing the question of measure of damages.

Appeal from the District Court of Coryell county.

#### STATEMENT.

On the 23rd day of January, 1882, Woodward, Squires & Co., (a firm composed of W. B. Woodward, W. M. Squires and B. F. Friend, defendants in error,) filed their petition in the District Court of Coryell county against John Frazier and S. O. Frazier, plaintiffs in error, on a certain promissory note bearing date Dec. 30, 1881, and due one day after its date, and payable to Woodward, Squires & Co., for the sum of $390.26. The original note was attached to the petition as an exhibit, which they alleged to be due and unpaid. They prayed for a citation and a judgment for debt, interest and costs, etc. Citations were duly issued for John Frazier and S. O. Frazier on the 13th day of April, 1882, which were served on John Frazier on the 15th day of April, and on S. O. Frazier on the 2nd day of May, 1882. The Transcript shows that a paper called an agreement, but neither signed by the Fraziers, nor filed, was found among the papers of the cause. On the 12th day of April, 1882, W. B. Woodward, one of the firm of Woodward, Squires & Co. filed in said cause his affidavit for an attachment saying that there was due plaintiffs $298.75, and a writ of attachment was accordingly issued and levied on the following property, to-wit :

A part of Maria Sneed survey, in Coryell county, beginning at N.

W. corner of Maria Sneed survey ; thence S., 19 W., 300 yaids, to corner; thence N., 11 W., with N. line of said survey to the place of beginning, together with one steam engine and flouring mill situated thereon.

On the 12th day of June, 1882, and at a regular term of said court, the court rendered a judgment in favor of plaintiff against John Frazier and S. O. Frazier for the sum or $792.54, a sum very largely in excess of the note sued on, and for all costs of suits with a decree of foreclosure of the attachment lien which had been levied on said property, and for an order of sale, etc.

## OPINION.

This suit was based upon a note for $390.26, dated December 30th, 1881, and bearing interest from date at the rate of eight per cent. per annum.

The plaintiffs in error were duly cited, but filed no answer; and, without any amendment of the petition, a judgment was rendered against plaintiffs in error June 12th, 1882, for the sum of $792.54. It was therein recited : "This day came the plaintiffs, by attorney, and announced ready for trial, when the following agreed judgment was rendered, etc." There is a paper improperly copied into the record, neither signed by any person nor filed among the papers of the cause, that may have been prepared as an assignment to be signed by the parties, as a basis for an agreed judgment; but this is but conjectural. As presented by the record, that paper cannot be considered as any part of the transcript.

It is claimed that, considering the judgment as one rendered upon confession, that for the excess of $378.00, there is no foundation in the pleadings, that the error is fundamental in character, and therefore not waived by the confession of judgment.

The statutory provisions relating to the subject are as follows :

Art. 1347: "Any person indebted, or against whom a cause of action exists, may, without process, appear in person or by attorney, and confess judgment therefor in open court; but, in such case, a petition shall be filed and the justness of the debt or cause of action be sworn to by the person in whose favor the judgment is confessed."

Art. 1349 : "Every judgment, by confession duly made, shall operate as a release of all errors in the record thereof, but such judg-

ment may be impeached for fraud or other equitable cause." (Revised Statutes.)

In construing these provisions, it has been held that the filing of the petition at or before the rendition of the judgment is essential. (Montgomery v. Barnett, 8 Texas, 146.)

Also that where the suit was upon a promissory note, which was made part of the petition, and the amount, in the confession was not stated, it was held to be sufficient, as the judgment was rendered for the amount due on the note. (Little vs. Crittenden, 10 Texas, 192.)

In Story vs. Nichols, 22 Tex., 91, it said : "So too if a cause of action is set out in the petition on an open account, for two hundred dollars, and a judgment is expressly confessed on a note for three thousand dollars, it can hardly be doubted, but that this judgment would be held erroneous; because for this last cause of action, there would have been no petition, no process, and no affidavit as required by law."

The doctrine is firmly established, that facts not alleged, though proved, cannot form the basis of a decree or of judgment. (Gray vs. Osborne, 24 Texas, 757 ; Hall vs. Jackson, 3 Texas, 305.)

To the extent that a judgment has no basis in the pleadings, it is erroneous. But then the question arises is it such an error as would be waived by the confession of judgment.

In Gors vs. Pilgrim, 28 Texas, the objection was urged that the judgment was excessive by reoson of an error in the calculation of the interest, etc.

And the court said : "We have not entered into a close computation of the amounts due on the several notes, it not being our duty as we conceive but presume the amount adjudged met with the approbation of the defendants below when they confessed or agreed to the judgment."

Here the amount adjudged in excess of that claimed in the petition, is so very large, as to forbid the idea that it arose from a miscalculation of interest. But it must be assumed that other claims than that asserted in the petition, entered into and formed in part the amount adjudged.

Thus considered, is it competent under the statute, to confess judgment for other than the cause of action stated in the petition, so that such judgment will operate a waiver of all errors.

Such a confession of judgment as to the cause of action set up in the petition, certainly does waive all errors. It matters not how dejectively the cause of action may be stated, or what errors have been committed by the court in ruling upon the pleadings etc., prior to the rendition of such judgment these are all waived by it. It is essential to a valid judgment that a petition should be filed. Certainly it is not the policy of the statute, that in such cases, one cause of action might be asserted in the petition, while the judgment should be rendered for another or different cause of action. To permit that to be done, would in effect nullify that provision which requires the petition to be filed before the entry of the judgment.

We are of the opinion therefore that the confession of judgment in this case was not within the meaning of the statute duly made, so as to work a waiver of the error complained about.

Our conclusion is that the judgment ought to be reversed and the cause remanded. Watts, Judge.

Report of Commissioners of Appeals examined, their opinion adopted and the judgment reversed and the cause remanded. Willie, Chief Justice.