### GERHARDT MEEVE v. JOHN EBERHARDT.

#### Decided February 24, 1908.

**1.—Partnership—Dissolution—Pleading—Judgment.**

In a suit between partners for a dissolution of the partnership, an accounting and partition, the defendant partner appeared in person but filed no pleading; plaintiff's petition averred that the partnership owned certain property and owed certain debts, including a debt to plaintiff; the court decreed a dissolution of the partnership, established plaintiff's debt, and ordered a partition of the property, and made provision for the payment of partnership debts. Held, that plaintiff's pleading was sufficient to support the judgment in the absence of pleading by the defendant raising issues as to other indebtedness of the partnership or the accounts between the partners.

**2.—Judgment—Agreement of Parties.**

Where a judgment recites an agreement of parties and is rendered in accordance with said agreement, the fact that the statement of facts contains no evidence of the agreement, is immaterial. A party who stands by and makes no objection in the trial court will not be heard to complain afterwards.

**3.—Partnership—Debt Due Partner—Judgment.**

A judgment which, upon dissolution of the partnership and partition of the partnership property, authorizes the entire amount of a debt due one of the partners by the partnership to be made out of the property set aside to the other partner is erroneous. Such partner should be charged with only one half the debt.

Error from the District Court of DeWitt County. Tried below before Hon. James C. Wilson.

*Lackey & Lewright,* for plaintiff in error.—A partnership can not have partition of firm assets until all firm debts have been fully paid and discharged, and a petition for dissolution of partnership and partition of firm properties, which fails to allege payment of firm debts, is fatally defective. Moore v. Steele, 67 Texas, 439; 21 Ency. Law (Am. & Eng., 2d ed.), page 1154, sec. f, note 4, and 22 do., page 99.

The petition of a partner suing for dissolution of the firm, the partition of firm property and the establishment of a claim against the firm for an alleged contribution made by plaintiff to the firm business, is fatally defective and will not support a judgment in favor

of such plaintiff unless said petition seeks an accounting of the entire partnership affairs and business. Worley v. Smith, 63 S. W., 903; Bond v. May, 78 N. E., 260; Doll v. Hennessy, 81 Pac., 625; Theus v. Armistead, 41 So., 95; Mitchell v. Tonkin, 95 N. Y. S., 669; Miller v. Freeman, 36 S. E., 961; Sheldon v. Stevens, 66 N. Y. S., 796; Milligan v. Mackinlay, 70 N. E., 685; Foss v. Dawes, 101 N. W., 237; Richard v. Mouton, 30 So., 894; Sebastian v. Booneville Co., 56 S. W., 810; Warring v. Arthur, 32 S. W., 221; Shearer v. Francis, 5 S. W., 559; Coulson v. Ferree, 85 S. W., 686; Albery v. Geis, 82 Pac., 262; Moran v. McInerney, 61 Pac., 575; Gimpel v. Wilson, 30 N. Y. S., 942.

On dissolution of an equal partnership and on an accounting of partnership business and affairs a partner who has individually contributed money to the firm in excess of that contributed by his copartner, can not recover the whole amount of such excess contribution from his copartner, but must, in any event, be limited to one-half of such excess contribution. Haight v. Turner, 99 S. W., 196; Ferrell v. Bales, 65 S. W., 604.

*Davidson & Bailey*, for defendant in error.

REESE, ASSOCIATE JUSTICE.—In this case John Eberhardt sues Gerhardt Meeve for a dissolution of partnership, an accounting, and for partition of partnership property, alleging in substance that there had been for some years a partnership in business between himself and Meeve; that the firm owned certain property, real and personal, which is set out and described; that it owes certain debts, which are also substantially set out, including a debt to plaintiff of $4435. Plaintiff prays for dissolution of the partnership, and for partition of the partnership property, after payment of the debts aforesaid, and for general relief.

Defendant Meeve appeared but filed no pleadings, the judgment of the court reciting "that plaintiff Eberhardt appeared in person and by attorney and the defendant, although duly cited, filed no answer but came in person, and all parties announced ready for trial, and a jury being waived, submitted all matters of law as well as of fact to the court."

By its decree the court dissolved the partnership, established the amount of plaintiff's debt at $4435, found that there existed certain real and personal property, ordered that the same be divided, that it appearing to the court that certain parties, naming them, had been agreed upon by the parties as commissioners to divide the property, they are accordingly so appointed by the court, and directed to divide the property equally between the parties, except certain cattle. As to these cattle the court makes the following order:

"And it also appearing to the court that there is also personal property belonging to the partnership of plaintiff and defendant, consisting of cattle as described in plaintiff's petition, and it appearing to the court from the evidence adduced that it is agreed between plaintiff and defendant that said cattle shall not be partitioned by the commissioners herein, but that the same are to be sold by the

firm of John Eberhardt & Company and the proceeds from such sale to be applied to the extinguishment of debts against said partnership, and said cattle are left undivided by this decree, and the power is hereby given to said John Eberhardt and said Gerhardt Meeve to sell said cattle and apply the proceeds to said partnership indebtedness."

As to these cattle it was proven that they were of value sufficient to satisfy the debts of the partnership, except the debt owing to Eberhardt, there being only two of such debts. As to the indebtedness of Eberhardt against the firm, the court found that the firm was indebted to Eberhardt in the sum of $4435 with interest at six percent per annum from December 9, 1902, and rendered judgment against the firm for that amount and decreed a lien to secure the same upon the assets of the firm, and upon that portion of said assets which should, in the partition, be allotted to Meeve. The court decreed, further, with reference to this indebtedness, that "in the event said partnership property is not divided, or is divided at this term of court, and said indebtedness is not paid, then the said Eberhardt may have an execution to issue out of the District Court of DeWitt County, and may levy upon and sell Meeve's interest in said partnership property, or a sufficient amount thereof to pay said indebtedness." No exception was taken to the judgment and no notice of appeal given, but four days thereafter, by order of the court, defendant Meeve was granted twenty days within which to file statement of facts, which was done, and by writ of error, defendant prosecutes this appeal from the judgment.

By his first and second assignments of error plaintiff in error presents the contention that the pleadings were wholly insufficient to support the judgment. We have set out the substance of the petition. We think the allegations are sufficient to support the judgment. The petition avers that the partnership owned certain property, and owed certain debts, including what it owed to plaintiff. If upon a full investigation of the partnership accounts as between the partners it would have developed that the firm was indebted to plaintiff in error or that the amount of indebtedness to defendant in error would have been cut down, plaintiff in error should by defensive pleadings have made this issue. Having elected to say nothing he can not now complain. No further accounting was necessary if the allegations of the petition are true. The third assignment of error is overruled.

It is sufficient answer to the fourth assignment of error that the judgment does make complete settlement of the partnership affairs and accounts between the parties, so far as appears from the pleadings and evidence.

There is no merit in the fifth, sixth, seventh and eighth assignments of error of which plaintiff in error can complain. The decree provides for the payment of the debts in connection with the partition.

The ninth assignment complains of the finding that "from the evidence adduced, it is agreed between plaintiff and defendant that certain cattle belonging to the partnership should not be partitioned, but that the same should be sold by the said plaintiff and defendant." It is claimed that there is no reference in the statement of facts,

which consists solely of the testimony of plaintiff and defendant, to any such agreement. This is, in fact, true, but we are inclined to think that by this part of the judgment reference is intended to an agreement of the parties made in the presence of the court, and not a part of the testimony, as, for instance, the agreement as to the persons who should be appointed to make the partition. It does not appear that this provision of the judgment could operate to the prejudice of plaintiff in error. By this provision of the judgment the cattle were left undivided, and plaintiff and defendant were, jointly, to sell them and pay the debts owing to other parties than Eberhardt. The evidence showed that they were sufficient in value for that purpose. This may have been a departure from the prayer of the petition, but it was authorized by the agreement of the parties. Plaintiff in error, who was in court representing his own interests, stood by and made no objection in the trial court, and we do not think should be heard to complain in this court of this part of the judgment. The assignment is overruled. (Storey v. Nichols, 22 Texas, 87.)

The tenth assignment of error is without merit. The eleventh assignment complains of the amount of the judgment in favor of defendant in error. This judgment was for $4435 with interest at six percent per annum from December 9, 1902. It affirmatively appears from the testimony of defendant in error that this indebtedness was for certain money of his own which he had expended in the partnership business, and was the amount he had received from the sale of 210½ acres of land at $20 per acre. He testifies that after paying certain debts owing by the firm out of this amount, he expended the balance in the erection of certain brick houses on lots owned by the firm in Goliad. It is clear that the amount so received by him from the sale of his land is all that he put into the firm business which constitutes the indebtedness claimed by him. This was $4210. This affirmatively appears from his own testimony. Defendant in error has not attempted to explain the discrepancy between this amount and the amount of the judgment. It can not include interest, for interest is given from December 9, 1902, presumably the date when the money was expended. This does not require a reversal of the judgment, which will be reformed so as to fix the amount of defendant in error's debt at $4210 with interest as provided in the judgment.

In the absence of any defensive pleadings by plaintiff in error there was no error in refusing to charge to defendant in error the $2000 referred to in the twelfth assignment of error.

The thirteenth and fourteenth assignments of error must be sustained. The judgment very clearly provides that the entire amount awarded defendant in error, as a debt against the partnership, should be a lien on Meeve's part of the partnership's property when partitioned, and if not paid or satisfied out of the partnership property should be satisfied by levy and sale of his part. Defendant in error insists that by the judgment Meeve is only made liable for his portion of this indebtedness, that is, one-half. The judgment provides very clearly otherwise. This error does not require a reversal of the judgment, which will be reformed so as to provide that only one-

half of Eberhardt's judgment shall be satisfied out of Meeve's portion of the property, and that Meeve, individually, and his share of the property shall not be liable for more than one-half thereof.

The judgment of the trial court should be reformed in the two particulars indicated, and as thus reformed, should be affirmed at cost of defendant in error, and it is so ordered.

*Reformed and affirmed.*

Writ of error refused.