## GRAND LODGE BROTHERHOOD OF RAILROAD TRAINMEN v. WARE et al.
### No. 4492.

Court of Civil Appeals of Texas. Texarkana.
June 18, 1934.
Rehearing Denied June 28, 1934.

Chas. Murphy, of Houston, and Tom J. McGrath, of Cleveland, Ohio, for plaintiff in error.

J. B. Guinn, of Jacksonville, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendants in error.

JOHNSON, Chief Justice.

Defendants in error, Mrs. Irma Ware joined by her husband, J. W. Ware, plaintiffs in the trial court, filed their original petition on June 8, 1932, suing plaintiff in error, Grand Lodge Brotherhood of Railroad Trainmen, defendant in the trial court, alleging in substance: That the defendant is a corporation incorporated under the laws of the state of Ohio, and has a permit to do business in Texas; that on June 12, 1924, defendant issued its policy of insurance on the life of Allen Lane in the sum of $2,700; that Allen Lane died February 17, 1931; that all premiums had been kept duly paid; that plaintiff Irma Ware is the beneficiary; that notice and proof of death and demand of payment were duly made April 1, 1931; that defendant had failed and refused to pay the policy. In support of their prayer for penalty and a reasonable attorney's fee, plaintiffs alleged: "That defendant, Grand Lodge Brotherhood of Railroad Trainmen, is a life insurance company with a permit to do business in Texas, and is engaged in writing life insurance on the whole life level rate plan, and that it fails and refuses as aforesaid to pay plaintiff, Mrs. Irma Ware, the amount owing to her by reason of its having insured Allen Lane, and by reason of such failure has become liable to plaintiffs for an additional amount of twelve per cent penalty on the amount of the policy and interest, and for reasonable attorney's fees provided by the laws of Texas, and that a reasonable attorney's fees for preparing and prosecuting this suit is the sum of $1,000.00." On June 21, 1932, the defendant, Grand Lodge Brotherhood of Railroad Trainmen, filed its original answer, which consisted of a general demurrer and general denial, and by request of defendant the case was passed for trial to July 25, 1932. On July 9, 1932, plaintiffs filed their first amended original peti-

tion. On July 25, 1932, the case was again passed at the request of defendant and set for trial August 10, 1932. On July 18, 1932, plaintiffs filed their second amended original petition; and on August 3, 1932, plaintiffs filed their third amended original petition, it being the petition upon which the case was tried, a copy of which was furnished attorneys for defendant on August 6, 1932.

The amended matters alleged in plaintiffs' pleadings, in addition to alleging the facts more in detail, may be stated in substance as follows:

1. Alleges the name of the defendant to be "Grand Lodge Brotherhood of Railroad Trainmen and/or Brotherhood of Railroad Trainmen."

2. "* * * the said named defendant is a private corporation duly and legally incorporated under and by virtue of the laws of the State of Ohio, and doing business in Cherokee County, Texas, as a life insurance company. * * *"

3. That defendant, Grand Lodge Brotherhood of Railroad Trainmen, is incorporated as a life insurance company and/or as a fraternal benefit society.

4. That after the issuance of the insurance policy and/or benefit certificate, and before the death of Allen Lane, the amount due to be paid upon same was increased to $2,800.

5. The amendment alleged amount of reasonable attorney's fee to be $1,250.

On August 9, 1932, attorneys for defendant filed a motion asking permission of the court to withdraw defendant's answer and appearance from the case. Plaintiffs filed a contest to the motion. On August 10, 1932, the case was regularly called for trial; the attorneys for the plaintiffs and for the defendant appeared. Attorneys for defendant presented their motion to withdraw the answer and appearance of defendant. The motion was overruled; no exception was taken to the action of the court in overruling the motion. Attorneys for defendant withdrew from the case, but remained in the courtroom during the trial. The case was tried before the court without a jury. After having heard the pleadings and evidence of plaintiffs, the court found: "That the plaintiffs, Mrs. Irma Ware and husband, J. W. Ware, were entitled to recover of defendant, Grand Lodge Brotherhood of Railroad Trainmen, the sum of $4,607.96, being the amount of principal, interest, penalties and attorney's fees due by defendant to plaintiffs." Judgment was entered accordingly. No objections or exceptions were taken to the trial or to the judgment as rendered and entered, and no motion for new trial was made by defendant. The term of court adjourned September 3, 1932. On December 22, 1932, defendant filed its petition for writ of error, after writ of garnishment had been issued and served seeking to enforce the judgment, as shown by the petition for writ of error.

Having perfected its writ of error, defendant, by its assignments of error filed in this court, contends that the trial court erred in rendering judgment against it for penalty and attorneys' fees, for insufficiency of pleadings and evidence to show that it was an incorporated insurance company, or that it was a fraternal benefit society, against which 12 per cent. damages or attorney's fees may be recovered.

In answer to the above as well as other assignments of error presented by plaintiff in error, the defendants in error make the contention, in substance, as follows: That the plaintiff in error having entered its appearance by filing an answer; having had trial of the case twice postponed for its convenience; having been timely furnished with a copy of plaintiffs' amended pleadings upon which the case was tried; having subsequently appeared in the case when it was called for trial, attempted to withdraw its answer, and having failed in its effort to do so, elected to abandon and not present its answer, or make any defense; having remained in the courtroom during the trial and failed to object to any part of the proceedings or to the judgment rendered against it; and having failed to file a motion for new trial—by reason of which facts the defendant should be held to have consented to the judgment and precluded from questioning the sufficiency of the pleadings or the evidence—that such facts constitute it a judgment nil dicit.

We are of the opinion that the contention of defendants in error should be sustained. In the circumstances recited, it is thought that the defendant waived and abandoned any issues raised by its answer as effectively as if the instrument had been withdrawn from the record. In 34 C. J. § 350, p. 148, it is said: "Nil dicit is generally the form of judgment to be rendered where defendant has entered a general appearance, but has failed to plead; or where, having pleaded, his plea has been stricken out, or is withdrawn, *or abandoned and no further defense is made. * * *"* The mere failure of a defendant to call his answer to the attention of the court will not authorize a judgment nil

**1078**

dicit, because an answer not shown to have been abandoned raises a rebutting presumption against that of an implied confession of judgment. Spivey v. Saner-Ragley Lbr. Co. (Tex. Com. App.) 284 S. W. 210, 213. But the facts here go further than a mere failure of the defendant to call its answer to the attention of the court; they show an abandonment of the answer, and an attempt to withdraw it from the record. To waive, abandon, or withdraw an answer as a plea would not necessarily require a withdrawal of the instrument from the record. The effect of a judgment nil dicit is stated in Spivey v. Saner-Ragley Lbr. Co., supra, as follows: "Whenever a defendant has appeared in a civil action, but says nothing in bar or preclusion of the plaintiff's action, a judgment by nil dicit may be taken by the plaintiff. The effect of the defendant's so appearing and saying nothing in bar or preclusion of plaintiff's action is to impliedly confess judgment and to waive all errors of pleading or proof, except such as appear from facts in the record were not intended to be waived. This implied confession of judgment has 'reference to the cause of action stated, or attempted to be stated in the petition; tantamount to an express confession only, which does not state the amount and terms of the judgment, and liable to be partially curtailed, and qualified by facts in the record, which raise a rebutting presumption.' Cartwright v. Roff, 1 Tex. 78; Burton v. Lawrence, 4 Tex. 373; Wheeler v. Pope, 5 Tex. 262; Prewitt v. Perry, 6 Tex. 260; Grier v. Powell, 14 Tex. 320; Storey v. Nichols, 22 Tex. 87; Goodlett v. Stamps, 29 Tex. 121; Gilder v. McIntyre, 29 Tex. 89; Garner v. Burleson, 26 Tex. 349; Janson v. Bank, 48 Tex. 599; Graves v. Cameron, 77 Tex. 273, 14 S. W. 59." In Gilder v. McIntyre, 29 Tex. 89, it is said: " * * * a judgment nihil dicit, which is regarded as a species of judgment by confession, and carries with it more strongly the admission of the justice of the plaintiff's cause of action (and will operate as a waiver of more errors) than a judgment by default. A judgment nihil dicit amounts to a confession of the 'cause of action stated, or attempted to be stated, in the petition,' if the amount claimed can be ascertained by the proceedings had on a judgment by default, that is, a writ of inquiry on an unliquidated demand, or by the clerk upon a liquidated demand. * * * "

■ Plaintiffs' petition is not subject to demurrer in its allegations charging the defendants to be a duly incorporated insurance company, and if the judgment is sustained under this plea, it is not thought necessary to discuss defendant's assignments directed at the insufficiency of the pleadings and evidence to sustain plaintiffs' alternative plea charging defendant to be a fraternal benefit society.

Article 4716, R. S. 1925, provides: "A life insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned on the continuance or cessation of human life, or involving an insurance, guaranty, contract or pledge for the payment of endowments or annuities."

Article 4736, R. S. 1925, provides: "In all cases where a loss occurs and the life insurance company * * * liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

Article 1999, R. S. 1925, provides: "An allegation that a corporation was duly incorporated shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney, whether such corporation is a public or private corporation and however created."

Article 2010, R. S. 1925, provides: "An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit: * * * 7. That the plaintiff or the defendant, alleged in the petition to be duly incorporated, is not duly incorporated as alleged."

In the case of Sovereign Camp Woodmen of the World v. Ruedrich (Tex. Civ. App.) 158 S. W. 170, 171, it is held: "Appellant did not, by sworn plea, deny its corporate existence as alleged in the petition, and cannot be heard to raise that question in this court, as is sought to be done through the first assignment of error. The statute is plain that an answer setting up 'that the plaintiff or the defendant, alleged in the petition to be duly incorporated, is not duly incorporated as alleged' must be verified by affidavit. Article 1906, subd. 7, R. S. 1911. Unless such verified plea be filed, it is not necessary to prove the existence of the corporation. Willis v. Smith, 17 Tex. Civ. App. 543, 43 S. W. 325; Railway v. Fulmore [Tex. Civ. App.] 26 S. W. 238." In American Ins. Union v. Wylie (Tex. Civ. App.) 23 S.W. (2d) 491, 494, it is held: "By the terms of another statute (article 4823, R. S. 1925) 'fraternal benefit societies' were exempted from the operation of the penalty statute above set

out. Appellant insists it was such a society and therefore not liable for the sums adjudged against it as a penalty and attorney's fees. We think the trial court had a right to conclude that appellant had failed to prove it was such a society within the meaning of the statute (articles 4820, 4821, and 4822, R. S. 1925), and overrule appellant's contention." Wherefore it is thought that the assignments of the plaintiff in error cannot be sustained, which complain that the evidence was insufficient to show that it was an incorporated insurance company and liable for damages and attorney's fees.

Plaintiff in error further contends that the attorney's fees allowed by the trial court were excessive. The amount allowed was $1,250. The judgment is supported by evidence that the amount was reasonable. In the circumstances of the case it is not thought that we would be justified in disturbing the judgment as being excessive in amount of attorney's fees allowed. Merchants' Life Ins. Co. v. Clark (Tex. Civ. App.) 256 S. W. 969; American Central Life Ins. Co. v. Alexander (Tex. Civ. App.) 39 S.W.(2d) 86; Id. (Tex. Com. App.) 56 S.W.(2d) 864; Massachusetts Bonding & Ins. Co. v. Worthy (Tex. Civ. App.) 9 S.W.(2d) 388; Southern Surety Co. v. Calhoun (Tex. Civ. App.) 44 S.W.(2d) 459.

All the assignments of error made by plaintiff in error have been considered, but it is not thought that any of them present reversible error; and the judgment of the trial court therefore is affirmed.